~~EXHIBIT A~~

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY



RECEIVED
JAN 11 2011
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| T-MOBILE USA, INC., a Delaware Corporation, § § § Plaintiff, § § v. § § CELLIMPORTS LLC, a New Jersey limited liability company; JASVINDER S. VIRDI, individually; JOHN DOES 1-10; and XYZ COMPANIES 1-10, § § § § § § Defendants. § § | CASE NO.: 3::10-CV-04607-FLW-LHG<br><br>*Order and Judgment* |

## FINAL JUDGMENT AND PERMANENT INJUNCTION
## AGAINST DEFENDANTS

Plaintiff T-Mobile USA, Inc. ("T-Mobile"), brought the above-captioned lawsuit against Defendants Cellimports LLC and Jasvinder S. Virdi (collectively referred to as "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and alteration of large quantities of T-Mobile branded wireless telephones ("T-Mobile Prepaid Handsets" or "Handsets") and activation materials, including but not limited to SIM cards, that causes substantial and irreparable harm to T-Mobile (the "Subsidy Theft Scheme"). Defendants perpetrate the Subsidy Theft Scheme by acquiring bulk quantities of T-Mobile Prepaid Handsets, which include T-Mobile SIM cards, from retail stores, such as Best Buy, Wal-Mart or Target. Defendants solicit others to purchase T-Mobile Prepaid Handsets and SIM cards in bulk for their benefit. Defendants acquire the T-Mobile Prepaid Handsets with the actual or constructive knowledge and intent that the Handsets will not be activated for use on the T-Mobile prepaid wireless network and that the handsets will be computer-hacked. The purpose of this hacking,

17691094.1

known as "unlocking," is to erase, remove, and/or disable proprietary software installed in the Handset, which enables the use of the T-Mobile Prepaid Handsets exclusively on T-Mobile's prepaid wireless system.  The unlocked Handsets are then trafficked and resold overseas, at a premium under the T-Mobile trademarks for unauthorized use outside of Plaintiff's prepaid wireless system and the SIMs that come with the handsets are illicitly sold and/or fraudulently activated to appropriate airtime.

T-Mobile Prepaid Handsets are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the T-Mobile Prepaid Handsets.  These Terms and Conditions are set forth in printed inserts that are included in the packaging with every T-Mobile Prepaid Handset and are also available to the public on T-Mobile's website.  The Terms and Conditions are referenced in printed warnings that are placed on the outside of the retail packaging of the Handsets.  The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of T-Mobile Prepaid Handset agree, among other things:  not to use the Handsets for a fraudulent purposes that "negatively impact[s] [T-Mobile's] customers, employees, business, ability to provide quality service, [and] reputation." T-Mobile Terms and Conditions, ¶ 7.

As a result of the Defendants' involvement in the Subsidy Theft Scheme, T-Mobile has asserted claims against Defendants for breach of contract; federal trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B); unfair competition; contributory trademark infringement; tortious interference with business relationships and prospective advantage; harm to T-Mobile's goodwill and business reputation; civil conspiracy; unjust enrichment; and conspiracy to induce breach of contract.  Based on the respective positions

advocated by the parties and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in T-Mobile's Complaint.

2. The Court finds that T-Mobile has the right to use and enforce said rights in the standard character mark T-Mobile and a stylized T-Mobile Mark (collectively, the "T-Mobile Marks"), as depicted below:

**T· ·Mobile·**

T-Mobile uses the T-Mobile Marks on and in connection with its telecommunications products and services. T-Mobile alleges that Defendants' use of the T-Mobile Marks without authorization in connection with the Subsidy Theft Scheme has caused, and will further cause, a likelihood of confusion, mistake and deception as to the source of origin of the counterfeit products, and the relationship between T-Mobile and Defendants. T-Mobile alleges that Defendants' activities constitute false designation of origin, false descriptions and representations, and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B). T-Mobile alleges that Defendants knew or should have known that T-Mobile is the exclusive licensee of the T-Mobile Marks and that Defendants had no legal right to use the T-Mobile Marks on infringing products.

3. The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use T-Mobile Prepaid Handsets in conjunction with service providers other than T-Mobile and (b) tampering with or altering T-Mobile Prepaid Handsets, SIM cards or the

17691094.1

Handsets' software; and/or entering unauthorized PIN numbers in the Handsets for purposes of unlocking the Handsets or facilitating others in such acts, constitute independent breaches of contract for which T-Mobile is entitled to relief.

4. The Court finds that the conduct set forth in the Complaint constitutes violations of 15 U.S.C. § 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct constitutes contributory trademark infringement; tortious interference with business relationships and prospective advantage; common law unfair competition; civil conspiracy; and unjust enrichment, and has caused substantial and irreparable harm to T-Mobile, and will continue to cause substantial and irreparable harm to T-Mobile unless enjoined.

5. T-Mobile has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' alleged conduct. On review and consideration of all relevant factors, T-Mobile is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Final judgment is hereby entered, jointly and severally, against Defendants Cellimports LLC and Jasvinder S. Virdi, and in favor of the Plaintiff T-Mobile USA, Inc., on all of the claims set forth in T-Mobile's Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7. Defendants Cellimports LLC and Jasvinder S. Virdi, and each and all of their past and present respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, respective agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or

17691094.1

purporting to act for him/it or on his/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile Prepaid Handsets or "Activation Materials," which consist of SIM cards, PIN numbers, and/or other mechanism, process or materials used to activate service or acquire airtime in connection with a new activation;

    b.    purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any T-Mobile mobile device or SIM card that Defendants know or should know bears any T-Mobile marks or any marks likely to cause confusion with the T-Mobile marks, or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future (collectively the "T-Mobile Handsets"). Specifically, Defendants are enjoined from purchasing, selling, and/or shipping, directly or indirectly, all models of T-Mobile Prepaid Handsets and SIM cards currently offered for sale by T-Mobile or that may be offered for sale in the future, as listed and updated from time to time on T-Mobile's website: http://www.t-mobile.com, regardless of whether such devices are, new or used, whether in or out of their original packaging, or

17691094.1

whether "locked," "unlocked," or otherwise modified in any way by any person;

c. unlocking of any T-Mobile Handset;

d. accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any T-Mobile Prepaid Handset;

e. supplying T-Mobile Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in unlocking T-Mobile Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in T-Mobile Handsets;

f. supplying T-Mobile Handsets or SIM cards to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of locked or unlocked T-Mobile Handsets or SIM cards; and

g. knowingly using the T-Mobile Marks or any other trademark, service mark, trade name and/or trade dress owned or used by T-Mobile now or in the future, or that is likely to cause confusion with T-Mobile's marks, without T-Mobile's prior written authorization.

8. The purchase, sale or shipment of any T-Mobile Handsets or SIM cards without T-Mobile's prior written consent within and/or outside of the continental United States and/or the sale of Activation Materials is and shall be deemed a presumptive violation of this permanent injunction.

17691094.1

9. The address of Defendant Cellimports LLC is 11 Aimy Ct. Matawan, NJ 07747-9668.

10. The address of Defendant Jasvinder S. Virdi is 11 Aimy Ct. Matawan, NJ 07747-9668.

11. The address of Plaintiff, T-Mobile USA, Inc. is 12920 S.E. 38th Street, Bellevue, Washington 98006.

12. Defendants waive their right of appeal from the entry of this Final Judgment.

13. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to T-Mobile in an amount of $5,000 for each T-Mobile Prepaid Handset or item of Activation Material that Defendants are found to have purchased, sold or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate T-Mobile for its losses in the event Defendants violate the terms of this Order.

14. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED in _Trenton_ New Jersey, this _10th_ day of _January_, 2010.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Counsel of Record and pro se parties

17691094.1